**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

**MARCHELLE MOONEY,**

    Plaintiff;

vs.

Case No.: _____

**SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.; AT&T SERVICES, INC.; and
AT&T UMBRELLA BENEFIT PLAN NO.1,**

    Defendants.

___

**COMPLAINT**
___

COMES NOW Plaintiff, Marchelle Mooney (hereinafter "**Plaintiff**" or "**Ms. Mooney**"), by and through her attorneys, and for her Complaint against Defendants, Sedgwick Claims Management Services, Inc., AT&T Services, Inc., and AT&T Umbrella Benefit Plan No. 1 (collectively "**Defendants**"), states as follows:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the AT&T Umbrella Benefit Plan No. 1, under which the "AT&T Southeast Disability Benefits Program" is a program (hereinafter collectively the "**Plan**"); which was (and is) underwritten, administered and/or managed by Sedgwick Claims Management Services, Inc. (hereinafter "**Sedgwick**") for the benefit of certain employees of AT&T Services,

Inc. (hereinafter "**AT&T**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Sedgwick Claim No.: B925005752-0001-01**.

3. Venue is proper in the Eastern District of Kentucky, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Mooney lives in Shelbyville, Kentucky, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place with the Eastern District of Kentucky.

5. At all times relevant hereto, Ms. Mooney was an "employee" of AT&T, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she had to cease working at AT&T on or about March 1, 2019.

6. At all times relevant hereto, AT&T was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Sedgwick was the claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Sedgwick was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

8. At the times relevant hereto, Sedgwick acted as agent for the Plan and for Plan Sponsor/Plan Administrator AT&T.

9. Under the Plan, AT&T (or the Plan itself) delegated or assigned to Sedgwick the claims-fiduciary and claims-administrator duties for the Plan; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan provided generally for payment of short-term disability ["STD"] benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan.

12. The Plan defines the term "Totally Disabled" as follows: "You are considered Totally Disability when, because of illness or injury, you are unable to perform all the essential functions of your job or another available job assigned by your Participating Company with the same full-time or part-time classification for which you are qualified."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is currently 49 years old, and her date of birth is in December, 1970.

15. Plaintiff worked for AT&T as a sales associate/customer service representative, earning annual wages of approximately $65,000.00.

16. Owing to her established medical disability, as stated, Ms. Mooney's last day of

3

work before qualifying for STD benefits was on or about March 1, 2019.

17.     The medical conditions that form the basis for Plaintiff's disability claim herein include, without limitation, the following: major depressive disorder, post-traumatic stress disorder, social anxiety disorder, personality disorder, and panic disorder. She experiences the following symptoms related to the aforementioned conditions: anxiety, poor concentration, inability to focus, sleeplessness, feeling overwhelmed, lack of appetite, lack of energy, agitation, crying spells, suicidal ideations, hopelessness, and occasional panic attacks.

18.     Based on her employment by AT&T, Ms. Mooney was eligible and applied for STD benefits pursuant to the terms of the Plan. Thereafter, Sedgwick approved and paid certain STD benefits; upon information and belief, those benefits covered the period of March 9, 2019 through May 8, 2019, which was not full-term under the Plan.

19.     However, Defendants terminated further benefits beyond May 8, 2019. The initial denial letter was dated May 24, 2019.

20.     Despite due appeal(s) by or on behalf of Plaintiff, Defendants have continued to deny the remaining STD benefits for her March, 2019 claim. The final denial letter was dated March 23, 2020.

21.     Any and all applicable premiums, contributions, and/or payments necessary to establish STD benefits coverage under the Plan have been fully paid, funded or otherwise satisfied.

22.     Plaintiff has filed or caused to be filed notice or proof of claim or loss, and performed any and all other conditions precedent to recovering STD benefits under the Plan.

23.     At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan; such that there remain certain STD benefits overdue to be paid. That is, her claim was

amply supported by her treating medical providers, who confirmed her inability to work at the pertinent time (May 9, 2019).

24. Under any ERISA standard of review that may apply,[1] the position taken by Defendants in denying Ms. Mooney's claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Defendants were wrong, as well as arbitrary and capricious, under the circumstances presented.

25. Further, Defendants' denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

26. Plaintiff is entitled to past due STD benefits for her March, 2019 claim, as well as any other companion benefits that were provided under the Plan during the pertinent time frame.

27. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## **CAUSES OF ACTION**

### **COUNT I – ERISA/Statutory Claims**

28. Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29. Based on the facts summarized above regarding her March, 2019 claim, Plaintiff makes claim under ERISA for the reinstatement/award of all STD and related benefits due

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

pursuant to the Plan at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.  That the Court enter judgment in Plaintiff's favor and against the Defendants; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendants or their designee pay to Plaintiff any and all STD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan at issue, under ERISA law, and subject to the proof;

B.  That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

C.  That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of,

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

6

premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

   D. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendants renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's STD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

   E. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

   F. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief based on additional facts/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this **17th** day of September, 2020.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, KY Bar No. 97985
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com